IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL VACKAR, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | §   CIVIL ACTION NO. H-12-3716 |
| | § |
| SENTRY SUPPLY INC., d/b/a SUPERIOR SUPPLY & STEEL | § |
| | § |
| Defendant. | § |

**MEMORANDUM AND ORDER DENYING MOTION FOR NEW TRIAL**

The plaintiff, Michael Vackar, moved for a new trial, challenging this court's judgment dismissing his wrongful-discharge claims and granting defendant Sentry Supply, Inc.'s ("Superior's") counterclaims for fraud, defamation, money had and received, and sanctions. (Docket Entry No. 59). Superior responded and moved to strike the motion for new trial. (Docket Entry No. 67). Based on a careful review of the motion for new trial and the motion to strike, the parties' briefs and submissions, the record, and the applicable law, the court denies the motion to strike and denies the motion for new trial. The reasons are explained below.

**I.   Background**

Vackar sued Superior under *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985), which prohibits an employer from firing an employee based on the refusal to perform an illegal act. Vackar alleged that his supervisor instructed him to take clients to strip clubs and pay women to have sex with them to blackmail the clients, and to pay by submitting expense vouchers falsified to hide this activity. Vackar alleged that he was fired for refusing to obey those instructions. Superior moved for summary judgment and counterclaimed for fraud, defamation, money had and received, and business disparagement. (Docket Entry Nos. 6, 19, 32). Superior also

moved for sanctions. (Docket Entry No. 37).

After delays to permit Vackar to replace his counsel, conduct discovery, and respond, the court granted Superior's motion for partial summary judgment on Vackar's wrongful-termination claim. The court carefully reviewed the record and found that the relevant, undisputed evidence showed that the reasons for firing Vackar included his submission of fraudulent reimbursement requests for entertaining clients (despite refusing to spend money on sex-club entertainment and instead not entertaining the clients at all), and his extremely poor job performance. The court found that no reasonable factfinder could conclude from the record evidence that Vackar's termination was based solely on his refusal to take clients to sexually oriented clubs and to have dancers provide them sexual favors. (Docket Entry No. 28).

On January 2, 2014, the court granted Superior's motion for sanctions. The court found that other than his own statement, and contrary to his claim to the media that he had witnesses who would corroborate his evidence about Superior, Vackar had no evidence to support any of the statements he made in his pleadings, to the media, or online. (Docket Entry No. 45). On November 7, 2014, the court resolved the remaining issues and ordered Vackar to pay Superior $18,225 as damages and as a sanction. (Docket Entry No. 56). The amount was less than Superior demanded, reflecting in part Vackar's resources and the need to avoid a chilling effect on whistle-blower claims.

Vackar moved for a new trial, arguing that there were factual disputes material to determining whether he was fired for falsifying expense reports or for refusing to commit illegal acts. Vackar also asked the court to set aside its sanctions order, asserting that Superior's sanctions motion was procedurally deficient. Superior responded both by moving to strike the motion for new trial and by opposing it on the merits.

## II.    The Applicable Legal Standard

Rule 59 of the Federal Rules of Civil Procedure states that "[t]he court may, on motion, grant a new trial on all or some of the issues — and to any party — as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  FED. R. CIV. P. 59.  "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."  *Beckham v. La. Dock Co., L.L.C.*, 124 Fed. Appx. 268, 270 (5th Cir. 2005) (citing *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612 (5th Cir. 1985)).  A motion for a new trial should be granted only when "the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence."  *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838–39 (5th Cir. 2004).

A motion for a new trial after a grant of summary judgment is treated as a Rule 59(e) motion.  *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748, n.9 (5th Cir. 2006) (citing *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996); *see also Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669–70 (5th Cir. 1986) ("'[A]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label.'") (quoting 9 MOORE'S FEDERAL PRACTICE ¶ 204.12[1], at 4-67 (1985)).  A Rule 59(e) motion "calls into question the correctness of a judgment."  *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"  *Rosenzweig v. Azurix Corp.*, 332

F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. 11 WRIGHT, MILLER, AND KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 127–28 (footnotes omitted).

## III.   Analysis

A motion for reconsideration under Rule 59(e) must be filed within one year of the challenged order. FED. R. CIV. P. 59(e). The court issued its summary judgment opinion on Vackar's *Sabine Pilot* claims on July 8, 2013. (Docket Entry No. 28). Vackar did not request reconsideration within one year. The request for reconsideration of that decision is time-barred.

Vackar's challenges to the sanctions award and the summary judgment grant in favor of Superior on its counterclaims are timely. But neither these timely challenges, nor Vackar's untimely challenges to the dismissal of his *Sabine Pilot* claims, present a basis to modify the court's prior orders. The court extensively considered and rejected Vackar's arguments that there was evidence that Superior fired him for refusing to engage in illegal activity. But Vackar admitted that he had submitted fraudulent reimbursement requests after he was confronted with evidence of their falsity.

And Superior presented extensive evidence that its policies prohibited the conduct Vackar alleged; that no one corroborated Vackar's claims about his supervisor's instructions; that Vackar had not spoken out earlier, despite numerous opportunities to do so; and that Vackar's abysmal job performance in the months he worked for Superior contributed to the decision to fire him.  These facts were undisputed and allowed the court to decide the motions for summary judgment on Vackar's claims and Superior's counterclaims without making credibility determinations or weighing evidence on disputed issues.  No reasonable factfinder could conclude from the record that Vackar's termination was based solely on his refusal to take clients to strip clubs or to obtain sexual favors for them.

Vackar also argues that Superior's sanctions motion was defective because it was not filed separately or served on Vackar before filing, as Rule 11 requires.  Superior filed its sanctions motion separately from any other motion on September 30, 2013, and sent it to Vackar by certified mail on September 6, 2013.  (Docket Entry No. 37, Ex. A).  The Rule 11 requirements were met.

**IV.    Conclusion**

Vackar's motion for new trial, (Docket Entry No. 59), is denied.  Superior's motion to strike, (Docket Entry No. 67), is denied.

SIGNED on January 26, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge